## BAKER v. GENERAL MOTORS CORP.
### Civ. A. No. 7973.

United States District Court
E. D. Michigan, S. D.

Oct. 4, 1950.

Erle K. Baker, pro se.

Barnes, Kisselle, Laughin & Raisch, Detroit, Mich., (Arthur Raisch, Detroit, Mich., of counsel), for defendant.

THORNTON, District Judge.

This is an action by Erle K. Baker against the General Motors Corporation wherein the plaintiff is asking damages in the sum of two hundred thousand dollars by reason of defendant's infringement of certain alleged patents, the matter under immediate consideration being a demand on the part of the plaintiff for a jury trial, the said demand not having been made in conformity with the provisions of Rule 38, Federal Rules of Civil Procedure, Title 28 U.S.C.A.

The answer of the defendant was filed in this cause on April 15, 1949, and the demand for a jury trial was made by the plaintiff on August 30, 1950; on February 21, 1950, the first pretrial conference was had, at which time October 10, 1950, was designated as the trial date for the hearing of said cause, thus establishing the demand for jury as having been made some sixteen months after the answer was filed and some six months after the cause had been set for trial.

McNabb v. Kansas City Life Insurance Company, 8 cir., 139 F.2d, 591, 595, is authority for the following: "(6) Finally, it is argued that the judgment should be reversed because the trial court wrongfully denied the agent the right to a jury trial. It is doubtful if any issue of fact actually existed, on the general questions which have been discussed, which a jury would otherwise have been entitled to settle. But, however that may be, the record shows that the agent had not served a demand for a jury trial on the company in the manner and within the time required by Rule 38(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Under Rule 39(b), the trial court, of course, could have exercised its discretion to allow a jury trial, notwithstanding the failure to serve a proper demand, but, in the situation shown, it was not required to do so. Rule 38(d) specifically provides that the failure of a party to serve the required demand constitutes a waiver by him of a trial by jury. Failure to serve such a demand is a legal waiver, whether it is inadvertent or intentional."

■■ In spite of the long delay in making the demand for a jury the matter is still one of discretion for the Court, but because of the long delay there should be a substantial reason for the exercise of discretion in favor of the plaintiff, and to that end we have the following circumstances to consider in arriving at a proper decision; August 30, 1950 had been designated as an adjourned date for a continuance of a pretrial conference, and on that date a letter dated August 29, 1950, from the attorneys of record for the plaintiff was received by the Court wherein it was stated as follows: "We have given a Substitution of Attorneys in the above case to Mr. Erle K. Baker, plaintiff, who is to prosecute the matter in his own behalf. We trust that he will appear on August 30th at 11:00 a. m. at the pretrial hearing of which we have advised him. In the event Mr. Baker should neglect to file the substitution and his appearance, this will explain our absence from the case." In keeping with this arrangement Mr. Baker appeared at the allotted time as attorney for himself and made an oral demand for a jury trial which was opposed by the attorney for the defendant. This pretrial hearing was conducted in the court room, and in a discussion between the Court and Mr. Baker, the plaintiff, as to the merits of his demand, it was soon apparent that Mr. Baker was unable to hear the remarks made by the Court because of defective hearing, and it was necessary that the remarks of the Court be transmitted at close range to Mr. Baker by a woman companion who, upon inquiry, turned out to be his wife. In support of his demand for jury Mr. Baker informed the Court that two different sets of attorneys had handled the litigation for him and that he had made known the fact that he wanted a jury trial, and the pretrial conference was adjourned to permit the plaintiff to assemble further evidence of the fact that he had made known his desire for a jury trial to his counsel; and before adjourning the said matter the Court suggested to Mr. Baker that in justice to himself he should, if possible, obtain a hearing aid to assist him at the trial of this cause.

On September 7, 1950, another pretrial conference was had on the question at which time a member of the firm of attorneys who withdrew from plaintiff's case

appeared and informed the Court that, "Well, I had no direct instruction that a jury trial should be demanded."

At the first pretrial conference held on February 21, 1950, the Court commenced the conference by asking this question: "Are there any proposed or contemplated amendments to these pleadings?" The attorney representing Mr. Baker at that conference answered: "I don't believe so."

At this adjourned conference of September 7, 1950, Mr. Baker appeared in court with a hearing aid, but still had difficulty in understanding the Court's remarks to the extent that he again had to be assisted by his wife who transmitted the Court's remarks to him at close range.

In view of the foregoing circumstances, it is the distinct impression of this Court that the ends of justice would be better served by not allowing a jury trial and, therefore the demand for a jury trial is denied.